**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MARK C. BUSACK,**

        **Plaintiff,**

    **v.**                             **Civil Action 2:16-cv-751
Judge Michael H. Watson
Magistrate Judge Jolson**

**BELMONT SAVINGS BANK,**

        **Defendant.**

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

For the reasons that follow, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (Doc. 10); **RECOMMENDS GRANTING** Defendant's motion to dismiss (Doc. 4), which the Court construes as a motion for summary judgment; and **RECOMMENDS DENYING** Plaintiff's motion for summary judgment (Doc. 11) and motion for preliminary injunction (Doc. 14).

## I.      BACKGROUND

Plaintiff, who proceeds pro se, is a prisoner currently incarcerated at Federal Corrections Institution in Morgantown, West Virginia. He alleges that his father, John Joseph Busack, executed and delivered a promissory note to Defendant on November 5, 2014 (Doc. 1-1 ¶ 3 & Ex. A), which was secured by a mortgage on his father's house (the "Property") (*id.* ¶ 8 & Ex. B). According to the complaint, Defendant failed to provide Plaintiff's father with the following documents: "the Final Truth in Lending, Regulation Z Disclosure, the Note, the Ohio Mortgage document, the HUD-1A Settlement Statement . . . and the other ancillary documents signed at closing." (*Id.* ¶ 9). The parties agree that the Property was previously the subject of a foreclosure proceeding in the Belmont County Court of Common Pleas (the "Foreclosure

Proceeding"), in which Judge John A. Vavra granted summary judgment to Belmont Savings Bank. (*See* Doc. 4 at 2, 20–21; Doc. 7 ¶ 2 & Ex. 2). Based on these allegations, Plaintiff brought this action on August 1, 2016, alleging that Defendant violated the Truth in Lending Act ("TILA"). Plaintiff seeks monetary damages and a rescission of the promissory note. (*Id.* ¶¶ 12–14). Defendant moved to dismiss on August 8, 2016, arguing that Plaintiff has no standing to bring suit and that his claims are barred by res judicata. (Doc. 4). Plaintiff moved for summary judgment on August 26, 2016 (Doc. 11), and for preliminary injunction on September 15, 2016 (Doc. 14), to stop a sheriff's sale of the Property scheduled for September 26, 2016.

## II.    DISCUSSION

### A.    Plaintiff's Motion to Proceed *In Forma Pauperis*  (Doc. 10)

On August 16, 2016, the Court denied Plaintiff's two prior motions to proceed *in forma pauperis* because Plaintiff failed to submit a properly certified copy of his trust fund account statement. (Doc. 8). Plaintiff moved for reconsideration, which the Court construes as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). He now submits the required documentation demonstrating that he qualifies to proceed *in forma pauperis*. (Doc. 10 at 4). Plaintiff's motion is therefore **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. However, as explained below, the Court recommends that this action be dismissed.

### B.    Defendant's Motion to Dismiss (Doc. 4), Which the Court Construes as a Motion for Summary Judgment

Defendant's motion to dismiss includes attachments pertaining to matters outside of Plaintiff's complaint. For example, it attached the docket in the Foreclosure Proceeding (Doc. 4 Ex. A), Plaintiff's counterclaim in the Foreclosure Proceeding (*id.* Ex. B), and the decision granting summary judgment in Defendant's favor in the Foreclosure Proceeding (*id.* Exs. C, D).

Similarly, Plaintiff's opposition to the motion to dismiss attached the summary judgment decision in the Foreclosure Proceeding. (Doc. 7 Ex. 2). The Court therefore construes Defendant's motion to dismiss as a motion for summary judgment under Federal Rule of Civil Procedure 56. *See Schlueter v. S. Energy Homes, Inc.*, 252 F. App'x 7, 8 (6th Cir. 2007) ("On December 13, 2006, Southern filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Schlueter filed a memorandum in opposition, to which he attached an affidavit. As it should, the district court converted the Rule 12(b)(6) motion to a motion for summary judgment . . . ."); *United Bhd. of Carpenters & Joiners of Am., Dresden Local No. 267 v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550, 558 (6th Cir. 1991) ("When a court considers dismissing an action for the legal insufficiency of the claim, and matters outside the pleadings are presented to the court and not excluded by it, the proceeding must be considered one for summary judgment.").

## 1. Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986) ("genuine" more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### 2. Analysis

Defendant makes two arguments in support of its motion. As a threshold issue, Defendant argues that Plaintiff does not have standing to bring TILA claims on behalf of his father. Plaintiff does not respond to Defendant's argument regarding standing. Defendant additionally argues that Plaintiff made the same claims in the Foreclosure Proceeding he brings in this action. For this reason, and because Defendant prevailed at summary judgment in the Foreclosure Proceeding, Defendant contends that res judicata bars Plaintiff's claims. In his response, Plaintiff admits that this matter was resolved in the Foreclosure Proceeding (Doc. 7 ¶ 2), but argues that summary judgment was granted on a technicality—Plaintiff "did not file the necessary Affidavits to comply with the Ohio Rules of Civil Procedure" (*id.*)—which by his account, means that res judicata does not bar the instant suit.

The Court begins with Defendant's standing argument. Plaintiff claims that Defendant's alleged failure to disclose certain loan-related documents to Plaintiff's father—not to Plaintiff himself—means that Plaintiff has standing to bring his TILA claims. (*See* Doc. 7 ¶¶ 2–5). The Court disagrees. Plaintiff was not a party to the mortgage transaction. (Doc. 1-1 Exs. A, B (the note and mortgage, each listing Plaintiff's father, John Joseph Busack, as the borrower)). Plaintiff therefore lacks standing to bring claims under the Truth in Lending Act. *See Walker v. Michael W. Colton Trust*, 33 F. Supp. 2d 585, 589 (E.D. Mich. 1999) ("The Bill of Sale dated June 2, 1997 shows transfer of the property in question to Kevin Franklyn, as sole purchaser.

4

This Court therefore finds that Ms. Walker lacks standing to sue under [TILA]." (citation omitted)); *Garrow v. JPMorgan Chase Bank, N. Am.*, No. CV 15-14058, 2016 WL 2894066, at *6 (E.D. Mich. Apr. 27, 2016) ("Garrow does not have standing to pursue a claim under TILA because she was not a party to the note."), *report and recommendation adopted*, No. 15-14058, 2016 WL 2866410 (E.D. Mich. May 17, 2016); *Britt v. Flagstar Bank, FSB*, No. CIV.A. 10-14463, 2011 WL 6941710, at *4 (E.D. Mich. Oct. 27, 2011) ("Federal courts have found that a spouse who was not a party to her partner's loan or mortgage lacks the ability to bring a RESPA or TILA claim." (collecting cases)), *report and recommendation adopted*, No. 10-14463, 2012 WL 12804 (E.D. Mich. Jan. 4, 2012).

Even if Plaintiff did have standing, res judicata bars his claims. Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted). "[B]ecause [Defendant] argues that the Ohio state court's decision precludes [this] federal action, [the Court] analyze[s] the preclusive effect of that decision under Ohio law." *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (6th Cir. 2016). In order for res judicata to apply under Ohio law, the party asserting the defense must demonstrate:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id.* at 415.

All four elements are satisfied here. Plaintiff admits the state court adjudicated the claim (Doc. 7 ¶ 2), and attaches to his opposition a copy of the decision granting summary judgment to Defendant in the Foreclosure Proceeding. (Doc. 7 ¶ 2 & Ex. 2). He claims, however, that the

decision was decided on a technicality, not on the merits.  But under Ohio law, "a summary judgment based other than on lack of jurisdiction or failure to join a party under Rule 19 or 19.1 constitutes a judgment on the merits." *Stuller v. Price*, No. 03AP-30, 2003 Ohio App. LEXIS 6127, at *13 (Ohio Ct. App. Dec. 16, 2003).  As such, the first element is satisfied.  As to elements two and three, this action involves the same parties, and Plaintiff alleged the same TILA violations in his state-court counterclaim.  (*See* Doc. 4 Ex. B, ¶ 5).  Finally, Plaintiff admits that the Foreclosure Proceeding, just like this action, concerns the Property.  Plaintiff's claims are therefore barred by the doctrine of res judicata.

## C.      The Remaining Motions (Docs. 11, 14)

On August 26, 2016, Plaintiff moved for summary judgment, arguing that the undisputed evidence in support of his TILA claims was so one-sided that it justified judgment in his favor. (Doc. 11 at 4).  Because the Court recommends granting summary judgment in Defendant's favor as to Plaintiff's claims, it is **RECOMMENDED** that Plaintiff's motion for summary judgment (Doc. 11) be **DENIED**.  This leaves Plaintiff's motion for preliminary injunction, which he filed on September 15, 2016.  (Doc. 14).  Plaintiff contends that the strength of his TILA claims and the irreparable damage he would suffer compel the Court to stop a sheriff's sale of the Property scheduled for September 28, 2016.  However, "injunctive relief . . . is unavailable when the underlying claims are properly dismissed."  *Saha v. Ohio State Univ.*, 259 F. App'x 779, 780 (6th Cir. 2008).  Because the Court recommends entering judgment in Defendant's favor in this matter, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunction (Doc. 14) be **DENIED**.

### III.    CONCLUSION

For the reasons stated, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (Doc. 10); **RECOMMENDS GRANTING** Defendant's motion to dismiss (Doc. 4), which the Court construes as a motion for summary judgment; and **RECOMMENDS DENYING** Plaintiff's motion for summary judgment (Doc. 11) and motion for preliminary injunction (Doc. 14).

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**<u>Procedure on Objections to Order</u>**

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. Rule 72(a); Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.3.

IT IS SO ORDERED.


Date: September 22, 2016                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE