UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marc C. Busack,

    Plaintiff,

    v.

Belmont Savings Bank,

    Defendant.

Case No. 2:16–cv–751

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

Marc C. Busack ("Plaintiff"), a prisoner who is proceeding without the assistance of counsel, moves to reconsider the United States Magistrate Judge's Report and Recommendation, ECF No. 15 ("R&R"), recommending that Belmont Savings Bank's ("Defendant") motion to dismiss, ECF No. 4, be granted and that Plaintiff's motion for summary judgment, ECF No. 11, and motion for preliminary injunction, ECF No. 14, be denied. Obj., ECF No. 16. For the reasons that follow, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, and **DISMISSES** the action.

I.

Plaintiff alleges that on November 5, 2014, his father, John Joseph Busack (now deceased), executed a promissory note in the amount of $103,000 to Defendant ("the Note"), which was secured by a mortgage on his father's house ("the Property"). According to Plaintiff, Defendant failed to provide certain

"material disclosures" to Plaintiff's father. There is no dispute that the Property was previously the subject of a foreclosure proceeding in Belmont County Court of Common Pleas (the "Foreclosure Proceeding"), in which summary judgment was granted in favor of Defendant and Plaintiff's motion to dismiss was denied. Based on these allegations, Plaintiff filed the instant action, asserting a claim under the Truth in Lending Act, 15 U.S.C. § 1638 ("TILA"). Plaintiff seeks monetary damages in the amount in excess of $190,000, costs, and rescission of the promissory note.

Defendant moved to dismiss the action, contending that Plaintiff lacks standing and that the doctrine of res judicata bars Plaintiff's claims. Mot. Dismiss, ECF No. 4. Thereafter, Plaintiff moved for summary judgment, ECF No. 11, and for a preliminary injunction in order to stop a sheriff's sale of the Property scheduled for September 26, 2016. ECF No. 14.

In the R&R, the Magistrate Judge first construed Defendant's motion to dismiss, which attached matters outside of the Complaint, as a motion for summary judgment. Finding that Plaintiff was not a party to the mortgage transaction, the Magistrate Judge concluded that Plaintiff did not have standing to bring his TILA claims. The Magistrate Judge went on to find that even if Plaintiff had standing, res judicata bars his claims. Because the Magistrate Judge recommended that Defendant's motion for summary judgment be granted and that judgment be entered in Defendant's favor, she further recommended that Plaintiff's motion for summary judgment be denied and that his motion for a

preliminary injunction be denied. Plaintiff moves to reconsider the R&R, which the Court receives as an objection.

## II.

When a party timely objects to a report and recommendation, the reviewing District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The reviewing District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court notes that Plaintiff is proceeding without the assistance of counsel in this action. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998).

## III.

In his objection, Plaintiff asks the Court to substitute "the Estate of John J. Busack" for "Mark C. Busack" in this action (the "proposed substitution"). According to Plaintiff, the proposed substitution "corrects the deficiencies cited" in the R&R regarding standing and res judicata.

The Court disagrees. Even if the proposed substitution were permitted and even if doing so cured the deficiencies in standing, res judicata still bars Plaintiff's claims. Pursuant to this doctrine, "'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (2016) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Under Ohio law, which applies here because Defendant argues that the Ohio state court decision in the Foreclosure Proceeding bars this action, Defendant bears the burden of proof on the following elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Id.* at 415 (quoting *Hapgood v. City of Warren*, 127 F.3d 490 (6th Cir.1997)) (internal quotation marks omitted).

Plaintiff does not dispute that three of the four elements are met but contends that the second element is not met because this action and the Foreclosure Proceeding "do not involve the same parties" after the proposed substitution. Obj. 2, ECF No. 16.

Plaintiff's argument is not well taken. "Ohio courts 'have applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine' of res judicata." *Kettering Health Network*, 816

F.3d at 415 (quoting *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 805 N.E.2d 1089, 1092 (2004)). "Thus, a mutuality of interest, including an identity of desired result, may create privity." *Id.* (quoting *Kirkhart*, 101 Ohio St.3d 377, 805 N.E.2d at 1092) (internal quotation marks omitted). "A party is in 'privity' with another if it succeeds to an estate or an interest formerly held by the other, or where a party is so identified in interest with another that the party represents the same legal right." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 276 (6th Cir. 2016) (quoting *Jarvis v. Wells Fargo Bank*, No. 09 CO 6, 2010 WL 2749602, at *7 (Ohio Ct. App. June 30, 2010)) (internal quotation marks omitted).

Here, Plaintiff and his father's estate are in privity because both share the same interest in fighting Defendant's foreclosure of the Property and seeking monetary damages, satisfying the second element. *Id.* (finding parties were in privity with each other where they all shared the same interest). Notably, Plaintiff concedes as much by raising the same arguments here on behalf of his father's estate as he did on his own behalf in the Foreclosure Proceeding. *Compare, e.g.*, Obj. 4–5, ECF No. 16 (presuming that the Court effects the proposed substitution and arguing, *inter alia*, that Defendant failed to provide certain material disclosures in violation of TILA), *with* Am. Answer & Counterclaim PAGEID #87– 89, ECF No. 7 (same). Accordingly, even if "the Estate of John J. Busack" was substituted for "Mark C. Busack" in this action, the claims are barred by res judicata.

## IV.

Having performed a de novo review of the R&R, the Court agrees with the Magistrate Judge that the doctrine of res judicata bars Plaintiff's claims and that the claims must be dismissed. The Court therefore **OVERRULES** Plaintiff's objection, ECF No. 16, **ADOPTS** the R&R, ECF No. 15, **GRANTS** Defendant's motion to dismiss, ECF No. 4, and **DENIES** Plaintiff's motion for summary judgment, ECF No. 11, and motion for preliminary injunction, ECF No. 14. Under these circumstances, Defendant's motion for leave to file a memorandum in opposition to Plaintiff's objection, ECF No. 17, is **DENIED as moot**.

The Clerk is **DIRECTED** to enter final judgment in this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**